ALEXANDER S. CHADWICK *versus* ANDREW McCAUSLAND *& al.*

If a road has been so long used for the travel of foot passengers that the public have acquired an easement in the land over which it passed, the town, as an incident to that right, may make such repair thereof as may be necessary to render it safe and convenient for travelers on foot, by leveling the land and building sidewalks thereon.

And if, after the public had acquired such a right to the road, the town should lay out another near it, that would not operate a discontinuance of the old road, if the record is silent upon the subject; but the public easement would remain unaffected by the new location.

Nor would the line of one whose land is bounded by the road, be changed by the new location; for the establishment of a road cannot give him title to land, in which, before, he had none.

EXCEPTIONS from the ruling of RICE, J.

This is an action of TRESPASS *quare clausum* against the

Chadwick *v.* McCausland.

defendants, for entering upon a parcel of land described in plaintiff's writ as bounded northerly by a certain road. The action was commenced before a justice of the peace, and removed to this Court by the pleadings. The writ and pleadings, and the original location of said road, are a part of the case.

Also, the plan of the premises made by David Garland, a surveyor appointed by the Court, and the original plan of Solomon Adams, referred to in plaintiff's deed, are made a part of the case.

The defendants introduced evidence tending to prove that the public had acquired the right to travel over the *locus in quo* on foot. It was also proved that the *locus in quo* is within the limits of the highway as fenced out by the abutters.

The Court instructed the jury that, if the public had acquired such right, as incident to that right, the defendants, under direction of the town, would have the right to make such repairs, by leveling the land and laying sidewalks thereon, as were necessary to make the same safe and convenient for travelers on foot.

The plaintiff introduced a record of a new location of the road, establishing the line of the same by definite metes and bounds, made by the selectmen of Farmingdale, and accepted by the town in 1852; which record is made a part of the case, and may be presented and read to the Court. The plaintiff also introduced evidence to prove that the *locus in quo* was south of the road described in said location, and adjoining to the south line of said road.

The Court instructed the jury that said record would not affect the plaintiff's rights in this case, and that the town of Farmingdale, by establishing a new location of their road, would not thereby surrender any rights to the plaintiff, which the public had acquired by long use to travel on foot over the *locus in quo;* and that the rights of the plaintiff, under his deed, were to be determined by the condition of things as they existed at the date of this deed, so far as the way in dispute is concerned.

The verdict was for the defendants, and the plaintiff excepted. Neither of the papers, plans or records referred to in the bill of exceptions, nor the argument for plaintiff, is found among the papers in the case.

*Chadwick,* for plaintiff.

*Danforth,* for the defendants, contended that the first instruction given was clearly correct. *State* v. *Wilson,* 42 Maine, 25 ; *Williams* v. *Cummington,* 18 Pick., 312 ; *Sprague* v. *Wait,* 17 Pick., 309. To the other instructions, he cited, *Kean* v. *Stetson,* 5 Pick., 492 ; *Bliss* v. *Deerfield,* 13 Pick., 102 ; 17 Pick., 309, before cited ; *Small* v. *Sacramento N. & M. Co.,* 40 Maine, 274.

The opinion of the Court was drawn up by

TENNEY, C. J.— Copies are referred to in the bill of exceptions, as a part thereof, which are not before the Court. But they do not appear essential to a correct disposition of the case.

The acts complained of by the plaintiff, as a trespass of the defendants, are understood to have been performed in repairs upon a road, under municipal authority. Evidence was introduced tending to prove that the road had been long used for the travel of foot passengers, so that the public had an easement upon the land over which it passed.

The first instruction complained of was, " that if the public had acquired such right, as incident to that right, the defendants, under the direction of the town, would have the right to make such repairs by levelling the land and laying side-walks thereon, as was necessary to make the same safe and convenient for travelers on foot." This instruction is sustained by the authorities cited by the defendants' counsel.

Assuming that the road, attempted to be shown as laid out in 1852, was legally located near the one alleged to be established by *user,* the Court cannot necessarily treat the latter as discontinued thereby, when the record is silent upon that

subject, consequently the public easement would remain as before.

The land described in the deed to the plaintiff would not be affected in its boundaries by the location of the road laid out in 1852. If the northern boundary in that deed was by the road first referred to in the exceptions, and the plaintiff's land extended to the centre of that road, that boundary would undergo no change by the location of the new road. The establishment of a road cannot give title to one in land to which he had none before. *Exceptions overruled.*

RICE, APPLETON, CUTTING, MAY, and GOODENOW, JJ., concurred.